UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| G&M VARIETY, INC. and G&M HARDWARE, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 3:14-cv-1973 ) |
| DO IT BEST CORPORATION, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This case is a contract dispute between G&M Variety, Inc., G&M Hardware, Inc., and Do It Best Corporation. G&M Variety alleges Do It Best unilaterally determined damages and set them off against G&M Variety's account and the accounts of two purportedly unrelated parties in violation of the parties' contracts. (DE 29 at ¶¶ 22–28.) Do It Best has filed two counterclaims, alleging G&M Variety breached its Membership Agreement with Do It Best by terminating early and breached a promissory note by failing to make timely payments. (DE 32 at 50–52.) Do It Best has moved for partial judgment on the pleadings for the first counterclaim (DE 44), and, for the reasons below, the motion is granted.

G&M Variety previously operated a hardware store in Northbrook, Illinois. (DE 29 at ¶ 5; DE 44 at 4.) In early 2009, G&M Variety entered into a Membership Agreement with Do It Best, which, among other things, made G&M Variety a Do It Best shareholder and obligated G&M Variety to buy certain discounted Do It Best goods.

1

(*See generally* DE 32-1 at 1, 4–5.) On February 17, 2009, G&M Variety executed a Participation Form for Do It Best's Retail*Start*® program, under which Do It Best would provide "special financing, merchandising and other services" to G&M Variety for its Northbrook store, so long as G&M Variety qualified and was approved for the program. (DE 32-2 at ¶ 1.) The Participation Form included a provision entitling Do It Best to certain remedies, in the event G&M Variety "terminates its membership in Corporation within five (5) years after the Effective Date or, within the same period, has a store which identifies itself with, belongs to or acquires products from any other national stocking purchasing cooperative or similarly organized distributor [or] wholesaler[.]" (*Id.* at ¶ 2.) By its terms, the Participation Form was an addendum to the Membership Agreement between the parties. (*Id.* at ¶ 6.)

Do It Best now moves for partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). A motion under Rule 12(c) should be granted "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citation and quotation marks omitted).

Do It Best's motion seeks judgment only on the issue of whether G&M Variety breached the Retail*Start*® Participation Form and therefore the Membership Agreement, and there is no dispute on that point. (*See* DE 29 at ¶ 18 ("At the time of its termination, Variety had completed approximately 2/3 of the 5 year commitment (40 of the 60 months) as outlined in the Participation Form."); DE 46 at 2 ("Defendant's

Motion correctly states that G&M . . . withdrew from the Retail Start Program . . . as of June 30, 2012.").) Not only do G&M Variety's pleadings acknowledge they terminated their participation in the Retail*Start*® program early, Counsel to G&M Variety confirmed at the December 4, 2015 status hearing that G&M Variety does not dispute that its early termination constituted a breach of the Membership Agreement.

Accordingly, Defendant Do It Best Corporation's Renewed Motion for Partial Judgment on the Pleadings (DE 44) is **GRANTED**, and I **FIND** G&M Variety breached its Membership Agreement with Do It Best.

**SO ORDERED.**

**ENTERED:** December 8, 2015.

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT